Next case is Malek v. Allstate Insurance Company. Good morning, and may it please the Court, my name is Tom Salili, and I have the pleasure of representing Allstate Insurance Company in this matter. We raised a number of points in our brief. I'm going to really focus on one for purposes of the argument today, but I would be remiss in getting into that, which is the incorporation by reference argument, without kind of addressing how it is that we got here and Judge Matsumoto's decision that after a year and a month of a motion for summary judgment being ruled on, citing under 60B6, an effort to try to undo that judgment where she determined there was an issue of fact as to whether the policy was delivered or not. Very briefly on that issue, you know, we don't believe that she had the authority to do that and use that statute because 60B, the Federal Procedure 60B applies to final orders, and this clearly wasn't a final order. Even if it was a final order, in order to use the catch-all provision of 60B6, there would need to be some type of extraordinary circumstances and this circuit has indicated not only would there need to be extraordinary circumstances, but it needs to be done within a reasonable time, and this circuit has said that, you know, over a year is not a reasonable time. So we don't believe that she had the authority to do what she did when she did it, and that's kind of what brought us here today. Now my focus today, I'd like to talk about the incorporation by reference argument, so I'd love for you to focus, please, on the notion that you waived that argument, because it was not, it did not arise in the early go-rounds in this case, and the District Court thought it was inadequately raised, and it's not been discussed much in your briefs about whether the waiver, whether we should treat it as waived, and could you explore that for us, please? Sure, I don't believe so, Judge, and I think part of the issue here is it's been difficult throughout the course of this litigation to gauge whatever arguments are, and I think that because of the fact that the plaintiff did not fulfill their, or the appellee did not fulfill its requirements for the motion for summary judgment by doing a 56.1 statement, and the fact that they- Well, it was on you, though, too, I mean, because, you know, the litigation proceeded focusing on whether a physical copy of the policy had been delivered, and this was a new kind of turn in the road to say, well, even if it wasn't delivered, the renewal averted to the policy by reference, and that's enough under New York law, and District Court, you know, said, well, it's waived, and it's raised too late, and so on, and then you barely address it here, the waiver notion, in your brief and materials on appeal, but, you know, that's something we need to take account of. I certainly judge, and I think I just didn't appreciate that that was what the issue was at the time. The way this kind of came about is, you know, there was an argument that the certified copy of the policy wasn't a certified copy of the policy, it wasn't fleshed out, and I didn't really appreciate it at the time, and it really only came to light when Judge Matsumoto seized upon this in the motion for summary judgment, so really, at the end of the day, after the You know, there's an issue of fact as to whether or not the policy was delivered or not, and that's the issue that she framed for purposes of the trial itself, so, you know, there's still a factual issue, so I don't think there's a waiver at that particular point in time as to making that argument at a later point in time. You're making a separate argument, I think, but she says that it's advanced for the first time, really belatedly, that this is a whole separate basis for your denial of coverage. And I believe that it was addressed, it may have been in a footnote where we basically had said something to the effect of, you know, the declarations page indicates that this policy is part, or this form, the policy jacket is part of that form. I don't believe it was fleshed out at that point in time, because we just felt that it was another argument that the plaintiff was making, that there was some type of shenanigans going on here with the insurance company, because as the record indicates and as the court can see, I was kind of looking at it under the guise that when we took her original examination under oath, there are allegations that were made that, you know, somehow I had conspired with the court reporter to change the transcript or whatever it may be. Nonetheless, I'm looking still at this belated, and the district court found that it was waived, and it's a different argument in my view. Let me ask a different question. Sure. Have you all engaged in settlement negotiations? Have you pursued settlement even in this court under CAMF? We have not in this court, but we have on two occasions in the Eastern District. But the plaintiff, or the appellee here, has been sort of pie in the sky numbers, and we've gotten nowhere in that. We're talking millions and millions of dollars for alleged behavior and bad faith that's just unfounded. So those settlement discussions have just never gotten anywhere, Your Honor. We've tried. We've made our best efforts to do so, but we haven't. Is it clear that if she were to prevail, she would be entitled to the full policy amount? Because there was a question about whether or not there was proof that the damage was that would reach the policy amount. No. There was no evidence that what the damages were, and that's one of, obviously, Judge Radjou, one of the concerns that we had was that there was no evidence as to what the damages were. But in response to the question Judge Carney just asked you, part of the problem with settlement is that the demand exceeds even the policy? Yes. It's in the millions range. So on the incorporation by reference issue, you know, New York law is pretty clear that delivery and actual possession is not necessary to complete formation of the contract. And if you look at the contract as it exists, I think it expressly indicates and identifies what's been incorporated by reference, and the language is clear that it is incorporated by reference. There are a couple of cases that have come out since... Usually that's in circumstances where you got a copy of the policy at some point. That's correct. It seems curious to me that all state is enabled to demonstrate here that at some point it sent her a copy of the policy, but apparently not. Is that right? That's not correct, Your Honor. Oh, help me out then. We actually advised the district court that we could do that, but they did not allow us to do that because the standard that they were holding us to is that we needed to show that we delivered the policy to them in 2015-16 during that policy period, the entire policy. And then it wasn't enough that in the declarations page it indicated that that form was part of the policy. So when the district court came to us and asked us what evidence we had to prove, we indicated that we would proffer a witness by the name of Zerina Powell that would be able to show that in, I believe it was 1995, when all state changed all of its policy forms, it sent a complete copy of the policy out at that time because that's what their patterns and practices are. Right. I mean, you weren't able to offer evidence of a specific mailing to this plaintiff, but you were able to say that was your pattern and practice. And how many years was that before the incident? I believe it was 1995 or 1996. And then there was also evidence that at a later point in time that they sent out a notice indicating that these reminded them that the policy had changed and these are the reasons why it changed. And I believe that was a requirement that the Department of Insurance asked them to to make sure that their prospective insureds understood that there had been these changes in 1995 or 1996. And did the documents at some point reflect how one would go about obtaining a copy if one wanted one and didn't have the historic one? I believe the renewal package says that if you have any questions or concerns, please call the insurance agent. It's right on the first page of the declarations page. So that's what one would have done? That's correct. And I believe that was actually done by Ms. Mallett, but it was the appellee after this instance. And if you look at AP 95 to 145, it looks as though there's an August transmittal from the agent, because the policy term is from March to March. So it looks like there was an inquiry made to the agent in August, and in August the agent would have sent her a complete copy of the policy. And that's all that simply needs to be done. Thank you. Thank you. And we'll take the matter under advisement. That's the last case to be argued this morning, so I'll ask the deputy to adjourn court.    Thank you. Thank you. Thank you. Thank you.